# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| NILOFAR RAHEEM MOMIN<br><br>　　Plaintiff,<br><br>vs.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; LOREN K. MILLER, Nebraska Service Center Director, U.S. Citizenship and Immigration Services; DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security; UNITED STATES OF AMERICA,<br><br>　　Defendants | No. 4:22-cv-2290<br><br>**Complaint for Writ of Mandamus and to Compel Agency Action under the Administrative Procedures Act** |

## I.　INTRODUCTION

　　1.　This is a civil action brought by Plaintiff, Nilofar Raheem Momin, in the nature of a writ of mandamus and for declaratory and injunctive relief to compel final agency action that has been unlawfully withheld and unreasonably delayed in the adjudication of an I-130, Petition for Alien Relative ("I-130 petition" or "the petition"). Defendants have failed, for almost 24 months, to adjudicate the petition that Plaintiff Nilofar Momin, a United States citizen, filed for her father, Mr. Sharif Ali Momin, under 8 U.S.C. § 1154(a)(1)(A)(i) as her immediate relative who is eligible to seek lawful permanent residency in the U.S.

　　2.　Adjudication of the petition is a nondiscretionary ministerial duty owed to the Plaintiff who has no other remedy to obtain that right other than by way of this complaint.

## II.   PARTIES

3. Plaintiff Nilofar Raheem Momin ("Ms. Momin") is a naturalized citizen of the United States. She filed the I-130 petition for her father, a Pakistani citizen, on or about July 22, 2020, so that he may eventually become a lawful permanent resident of the United States.

4. Defendant U.S. Citizenship and Immigration Services ("USCIS") is an agency of the Department of Homeland Security and is responsible for overseeing the adjudication of immigration benefits.

5. Defendant Ur M. Jaddou is the Director of USCIS, and is responsible for USCIS' policies, practices, and procedures, and oversees the USCIS officer responsible for making the decisions at issue in this case. Ms. Jaddou is sued in her official capacity.

6. Defendant Loren K. Miller is the director for the USCIS Nebraska Service Center where the I-130 Petition currently remains pending without any action. Nebraska Service Center is one of the service centers of the USCIS that is responsible for processing I-130 petitions. Ms. Miller is sued in her official capacity.

7. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet department of the U.S. federal government responsible for immigration-related services, enforcement, and investigations. DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefit applications.

8. Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security ("DHS"). He is sued in his official capacity.

## III.   JURISDICTION AND VENUE

9. Jurisdiction of the Court is predicated upon 28 U.S.C. §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the

United States is a Defendant. This Court also has jurisdiction over the present action under 5 U.S.C. § 701 *et seq.*, the Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

10. Venue is proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to claim occurred in this District, Plaintiff resides in Friendswood, Texas, and no real property is involved in this action.

### IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff has exhausted her administrative remedies. In fact, the only available remedy is by way of a service request with the USCIS Customer Service or via the USCIS Ombudsman's Office. Plaintiff has exhausted both avenues.

### V.     FACTUAL ALLEGATIONS

12. Plaintiff Nilofar Momin is a 40-year-old naturalized U.S. citizen who was born in Karachi, Pakistan, to her parents: Sharif Ali Momin and Mumtaz Momin. Exhibit A, Naturalization Certificate. She is married and lives with her husband and children, all of whom are U.S. citizens. Her mother, Mumtaz, is a lawful permanent resident of the U.S.

13. With the filing of an I-130 petition, Ms. Momin sought to obtain a lawful permanent residency for her father. She filed the petition with the USCIS on or about July 22, 2020. Exhibit B, I-130 Petition Receipt Notice. In support, she provided her Pakistani birth certificate showing Mr. Momin as her father, her Certificate of Naturalization showing her status as a U.S. citizen, and her parents' marriage certificate which showed that she was born in wedlock. *See* Instructions for Form I-130, Petition for Alien Relative, and Form I-130A, Supplemental Information for Spouse Beneficiary, General Requirements to prove family relationship, at 8, available at uscis.gov/sites/default/files/document/forms/i-130instr.pdf.

14. Once the petition is approved, Mr. Momin will become prima facie eligible to seek an adjustment of his status to that of a lawful permanent resident under 8 U.S.C. § 1255(i).

15. The petition has remained pending at the USCIS Nebraska Service Center with no further action for almost two years.

16. When almost nine months had gone by without adjudication of the petition, Ms. Momin, via counsel, made a service request on the USCIS website that the case was outside normal processing time. However, the website tool rejected the request stating that the petition was still within the posted processing times.[1] Exhibit C, USCIS Customer Service Requests.

17. Two months later, Ms. Momin made another attempt when the USCIS processing timeline on the website showed that petitions filed in November 2020 were being adjudicated, which meant that petitions filed in July 2020 should have already been adjudicated. However, the USCIS only lodged the request but failed to issue a response. *Id*.

18. On or about August 12, 2021, Ms. Momin requested case assistance from the USCIS Ombudsman's Office. Exhibit D, Ombudsman's Requests. The Ombudsman's office responded stating: "While we understand your concerns, our review indicates that your case is within the published processing times as posted on the U.S. Citizenship and Immigration Services (USCIS) website at https://egov.uscis.gov/processing-times/. Because your case is currently within processing times, our office will be closing this matter." *Id*.

19. Ms. Momin, via counsel, informed the Ombudsman that the petition was clearly outside the posted processing times by more than a year, to which the Ombudsman responded that the petition was actually pending at the Potomac Service Center which had a much longer

---

[1] The USCIS website makes available a tool where applicants can check the average processing times for certain applications or petitions. This can be found at https://egov.uscis.gov/processing-times/.

processing time. *Id*. However, neither counsel nor Ms. Momin have ever received any notice regarding the case being transferred from Nebraska to Potomac Service Center.

20. Ms. Momin filed another request for case assistance on or about March 30, 2022 when the petition had remained pending even past the posted processing timelines at the Potomac Service Center. *Id*. No response has been received so far from the Ombudsman's office regarding this request.

21. The most recent response from the USCIS Customer Service was received on or about January 10, 2022 which stated as follows:

> USCIS makes every effort to process cases within the projected time frames and in the order in which they were received; however, **your case has not cleared all required security checks at this time. Until we receive the results of these security checks, we cannot move forward on your case**.
>
> We cannot predict when we will receive the results of these security checks. Please be assured that we will make every effort to make a decision in your case as soon as the security checks are complete.
>
> Exhibit C (emphasis added).

22. In adjudicating applications for immigration benefits, USCIS conducts four different background checks, two of which are fingerprint-based and two which are biographic name-based. *See* Dept. of Homeland Security's Privacy Impact Assessment for the Immigration Benefits Background Check Systems at p.1 (published Nov. 5, 2010), available at dhs.gov/xlibrary/assets/privacy/privacy_pia_uscis_ibbcs.pdf. The background checks consist of four separate checks against systems within the Dept. of Justice (DOJ), Federal Bureau of Investigation (FBI), and the Dept. of Homeland Security (DHS). *Id*. To facilitate the collection and transmission of information necessary to complete background check processes, USCIS maintains five information technology electronic systems. *Id*. It collects fingerprints and

biographic data by scheduling the applicant or petitioner for a biometrics appointment at a local Application Support Center (ASC). *Id*.

23. For standalone I-130 petitions, i.e., those that are not concurrently filed with other applications, USCIS does not collect a biometric services fee when the petition is filed with the USCIS. *See* Instructions for Form I-130, Petition for Alien Relative, and Form I-130A, Supplemental Information for Spouse Beneficiary, at 3, available at uscis.gov/sites/default/files/document/forms/i-130instr.pdf. However, if required to provide fingerprints, USCIS sends instructions on how to submit the fee, as well as where and when to attend the appointment for biometrics collection. *Id*.

24. Moreover, Form I-130 only seeks to collect biographic data for the petitioner, not the beneficiary. *See* Form I-130 Petition for Alien Relative, Part 3 Biographic Information, available at https://www.uscis.gov/sites/default/files/document/forms/i-130.pdf. Therefore, any security checks being conducted for a standalone I-130 petition is for the petitioner and not the beneficiary.

25. Neither Ms. Momin nor her father have been scheduled so far for a biometrics appointment in relation to their I-130 petition. And as a naturalized U.S. citizen, Ms. Momin has already completed the requisite security checks at the time she filed her application for naturalization. *See* 8 C.F.R. §§ 103.2(b)(9), 335.1, and 335.2. Furthermore, neither of them have a criminal record which should necessitate a lengthy background security check.

26. It stands to reason, therefore, that the "security checks," *supra* ¶ 21, that USCIS purports to complete before it can adjudicate the I-130 petition, is nothing more than an excuse to keep the petition pending for an unreasonable amount of time without having to divulge actual information about when it will be completed.

27.     8 U.S.C. § 1154(b) states in pertinent part:

After an investigation of the facts in each case . . ., the Attorney General *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in [8 USCS § 1151(b)] . . ., approve the petition[.] (Emphasis added).

28.     With the use of the word "shall," the statute mandates that the I-130 petition must be approved if it appears that the beneficiary is in fact an "immediate relative" of the petitioner, which § 1151(b) defines to be a child, spouse, or <u>parent</u> of a U.S. citizen. The inverse implication of § 1154(b)'s mandate is that the petition shall be denied if the applicant does not meet the qualifications. Either way, § 1154(b) mandates an action.

29.     To date the I-130 petition in this case has remained pending for 715 days. The estimated processing time as listed on the USCIS website for I-130 petitions is 6 months at the Nebraska Service Center and 12 months at the Potomac Service Center. *See* Exhibit E, Processing Times.

30.     Plaintiff has exhausted every means of resolving this issue before seeking relief from this Court.

## VI. FIRST CLAIM FOR RELIEF
### Mandamus to compel adjudication under 28 U.S.C. § 1361

31.     Plaintiff incorporates by reference paragraphs 1-30 above.

32.     28 U.S.C. § 1361 provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

33.     A mandamus plaintiff must demonstrate that: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy

must be available." *Hadad v. Scharfen*, 08-22608, 2009 U.S. Dist. LEXIS 26147, *2 (S.D. Fla. Mar 12, 2009) (citing *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir. 1980)).

34. Plaintiff in this case has a clear right to the adjudication of the I-130 petition. *See* 8 U.S.C. § 1154(b). The documents provided in connection with the petition establish a clear eligibility for Ms. Momin to be granted this request. Defendants have failed to timely adjudicate the petition.

## VIII. THIRD CLAIM FOR RELIEF
### Violation of Administrative Procedure Act, 5 U.S.C. §§ 555, 706, *et seq.*

35. Plaintiff incorporates by reference paragraphs 1-36 above.

36. USCIS's failure to adjudicate the Plaintiff's I-130 petition violates the Administrative Procedure Act ("APA"), codified at 8 U.S.C. § 706. Section 706(1) states that a Court "shall compel an agency action unlawfully withheld or unreasonably delayed."

37. Additionally, the APA at 5 U.S.C. § 555(b) states, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

38. When read together, 8 U.S.C. § 706(1) and 5 U.S.C. § 555(b) give the Plaintiff "a right to have [her] application adjudicated within a reasonable time, and . . . USCIS has a concomitant duty to ensure this happens." *Hadad,* 2009 WL 654019, at *2. Deciding whether to grant or deny an application is a discrete action that USCIS is required to take." *Id.*

39. The government cannot by inaction abuse its authority by failing to make a decision. *Accardi v Shaughnessy,* 347 U.S. 260 (1954). The USCIS has "a non-discretionary duty to act on applications before it by processing them." *Miranda v. Gonzales,* No. 08-20682-CIV-HOEVELER (S.D.Fla. Aug. 25, 2008). Furthermore, the USCIS does not have an unfettered discretion to put off deciding an application for an unreasonable amount of time. "Such discretion

would strip defendants' duty of any meaning: The duty to act is no duty at all if the deadline is eternity." *Saleem v. Keisler,* 520 F.Supp.2d 1048, 1055 (W.D.WIS.2007) (citation omitted). *See also Aslam v. Mukasey*, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008) (finding a nearly three-year delay in the adjudication of an adjustment application unreasonable).

## IX.   PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiff prays that the Court:

i. Assume jurisdiction over this matter;

ii. Compel Defendants to perform their duty or duties to complete processing of the I-130 petition within 15 days;

iii. Grant an award of attorneys' fees and costs under the Equal Access to Justice Act; and,

iv. Grant Plaintiff any other relief this Court deems just and proper at law and in equity.


DATED: July 8, 2022

Respectfully submitted,

/s/ Merina Shakya
_____

Merina Shakya
Attorney-in-Charge
State Bar # 24089912
SDT # 3206704
Quan Law Group, PLLC
5444 Westheimer Rd., Ste. 1700
Houston, TX 77056
Ph. 713-625-9200
Fax. 713-625-9222